IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COLLEEN GRABLE,

Plaintiff,

v.

JOANNE B. BARNHART
Commissioner of Social Security,

Defendant.

CV 04-6185 AA

OPINION AND ORDER

AIKEN, Judge:

## INTRODUCTION

Plaintiff Colleen Grable brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g)(the Act), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for Disability Insurance Benefits and Supplemental Security Income (SSI) under Title XVI of the Act. For the reasons set forth below, the Commissioner's decision is reversed and remanded for payment of benefits.

/ / /

## PROCEDURAL BACKGROUND

Grable initially filed an application for benefits on July 18, 2001, alleging disability since July 17, 2000, due to a combination of impairments, including scoliosis with spondylosis. That application was denied initially and upon reconsideration. On September 25, 2003, a hearing was held before an Administrative Law Judge (ALJ). In a decision dated October 23, 2003, the ALJ found Grable was not entitled to benefits. On April 16, 2004, the Appeals Council denied Grable's request for review, making the ALJ's decision the final decision of the Commissioner. Grable now seeks judicial review of the Commissioner's decision.

## STANDARDS

A claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The initial burden of proof rests upon the claimant to establish his or her disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews*, 53 F.3d at 1039. The court must weigh all of the evidence, whether it supports or detracts from the

Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, if "the evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1039-40.

## DISABILITY ANALYSIS

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920. Below is a summary of the five steps, which also are described in *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999):

Step One. The Commissioner determines whether claimant is engaged in substantial gainful activity. If so, claimant is not disabled. If claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate claimant's case under Step Two. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Step Two. The Commissioner determines whether claimant has one or more severe impairments. If not, claimant is not disabled. If claimant has a severe impairment, the Commissioner proceeds to evaluate claimant's case under Step Three. 20 C.F.R. §§ 404.1520(c), 416.920(c).

Step Three. Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether claimant's impairment "meets or equals" one of the impairments listed in the Social Security Administration (SSA) regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, claimant is disabled. If claimant's impairment does not meet or equal one listed in the regulations, the Commissioner's evaluation of claimant's case proceeds under Step Four. 20 C.F.R. §§ 404.1520(d), 416.920(d).

Step Four. The Commissioner determines whether claimant is able to perform work he or she has done in the past. If so, claimant is not disabled. If claimant demonstrates he or she cannot do work performed in the past, the Commissioner's evaluation of claimant's case proceeds under Step Five. 20 C.F.R. §§ 404.1520(e), 416.920(e).

Step Five. The Commissioner determines whether claimant is able to do any other work. If not, claimant is disabled. If the Commissioner finds claimant is able to do other work, the Commissioner must show a significant number of jobs exist in the national economy that claimant can do. The Commissioner may satisfy this burden through the testimony of a vocational expert (VE) or by reference to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. If the Commissioner demonstrates a significant number of jobs exist in the national economy that claimant can do, claimant is not disabled. If the Commissioner does not meet this burden, claimant is disabled. 20 C.F.R. §§ 404.1520(f)(1), 416.920(f)(1).

At steps one through four, the burden of proof is on the claimant. *Tackett*, 180 F.3d at 1098. At step five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy. *Id.*

## ALJ's DECISION

At step one, the ALJ found Grable had not engaged in substantial gainful activity since the alleged onset of her disability on July 17, 2000.

At step two, the ALJ found Grable had the medically determinable severe impairments of scoliosis at the lumbar spine, degenerative joint disease at the cervical spine, and left trochanteric bursitis.

At step three, the ALJ found that Grable's impairments did not meet or medically equal

the criteria of any listed impairments.

At step four, the ALJ found that Grable is limited from lifting or carrying more than ten pounds, requires the opportunity to change position, can sit for one hour at a time and stand or walk for 30 to 60 minutes at a time, is limited to occasional stair climbing, stooping, bending over, and twisting, limited to occasional use of her arms and hands above shoulder level, and has a limited capacity for pushing or pulling.

Because Grable is a younger individual between the ages of 45 and 49, with an eleventh grade education and no transferable skills, the ALJ found at step five that Grable can work at such jobs as a circuit board assembler, a semiconductor assembler, or an information clerk. As a result, he found Grable not disabled within the meaning of the Act.

## **DISCUSSION**

Grable contends that the ALJ erred by : (l) rejecting the opinion of a treating physician; (2) impliedly finding her less than credible; (3) failing to meet her burden of proof as to Grable's ability to perform other work in the economy. Because the first two issues are dispositive the court need not address the third assertion.

I. Opinion of the Treating Physician

Scot G. Fechtel, M.D., is a neurologist. He treated Grable between April 2002 and May 2003. Dr. Fechtel diagnosed "very significant thoracolumbar scoliosis." Tr. 188. He noted a flattened dorsal kyphosis[1] and lumbar lordosis[2]. Dr. Fechtel stated that it was "highly likely that

---

[1]Kyphosis is an abnormally increased convexity in the curvature of the thoracic spine as viewed from the side; hunchback. *Dorland's Electronic Medical Dictionary,* 29th Ed. (2000).

[2]Lordosis is the anterior concavity in the curvature of the lumbar and cervical spine as viewed from the side or an abnormal increase in this curvature; called also hollow back, saddle

she has significant degenerative changes in the cervical and lumbar region due to the asymmetric biomechanical stress on the bones because of this curvature." *Id.* Dr. Fechtel wanted to assess whether Grable had "more than just a sensory radiculopathy from the lower cervical roots and or local discomfort" based on her degenerative joint disease. *Id.*

On September 29, 2003, Dr. Fechtel stated that he would expect Grable to require frequent rest and to lie down for two or more hours during an eight-hour period. Tr. 201. He opined that her scoliosis caused degenerative changes that caused muscle spasm, pain and motion limitation. Dr. Fechtel stated that he did not believe Grable would be able to sustain sedentary work eight hours a day, five days a week, with normal breaks, and that she had been unable to sustain employment since he first examined her on April 8, 2002. *Id.* He "suspect[ed]" she would miss at least one day of work per week due to pain. *Id.*

The ALJ stated:

> Dr. Fechtel retrospectively indicated that the claimant has not been able to work since he first saw her on April 8, 2002 [citation omitted.] The conclusion that the claimant is unable to maintain employment is an opinion on the ultimate issue and is reserved to Social Security as well as being outside the medical realm. In this case, it is also inconsistent with his reporting of that date, in which he indicated that her pain had been getting "a little worse the last few years" and that she had a decreasing ability to work in any "heavy" capacity [citation omitted.] This doctor also speculated in his recent response to the claimant's attorney that flares of pain create a suspicion in his mind that she would miss at least one day of work per week [citation omitted.] However, limited weight is given to this reporting based on the doctors [sic] uncertainty ("suspect"), as well as a lack of objective support for this possibility. Tr. 16.

The ALJ states that Dr. Fechtel's conclusion "is an opinion on the ultimate issue and is

---

back, and swayback. *Dorland's Electronic Medical Dictionary, supra.*

reserved to Social Security" and is outside the medical realm. The ALJ "is not bound by the uncontroverted opinions of the claimant's physicians on the ultimate issue of disability, but he cannot reject them without presenting clear and convincing reasons for doing so." *Matthews v. Shalala,* 10 F.3d 678, 680 (9th Cir. 1993); *Reddick v. Chater,* 157 F.3d 715 (9th Cir. 1998).

As to the inconsistency between Dr. Fechtel's April 2002 report and his September 2003 report, the April 2002 report reads in pertinent part:

> Colleen Grable is a 44-year- old right-handed woman with a long history of scoliosis and scoliosis complications including muscle spasms, numbness in the right shoulder, and pain in the back.
>
> The scoliosis was first noticed at age 12 or 13. She was in a full spine brace. She recalls it as the Milwaukee brace. Things have been getting a little worse the last few years in terms of her pain, paresthesia[3] into the right shoulder, and her decreasing ability to work in any heavy capacity. She notes that lifting aggravates her low back pain and periodically she will have numbness down into the right trapezius as far as the deltoid insertion in the right shoulder. Tr. 190.

In another portion of his report, Dr. Fechtel notes that Grable was not employed. Tr. 189. The ALJ's asserted inconsistency between Dr. Fechtel's opinions is without basis in fact and does not constitute a valid reason for rejecting those opinions.

The ALJ dismissed Dr. Fechtel's opinion for lack of certainty and objective support. Dr. Fechtel did not express uncertainty as to his opinion that Grable would be unable to work full-time. His uncertainty concerned how many days a week she would be unable to work because of pain. Tr. 201. Dr. Fechtel's opinion was supported by his physical examinations of Grable, the April 2001 examination and x-rays conducted by L. Bufton, M.D., and the April 2002 radiology

---

[3]Paresthesia is morbid or perverted sensation; an abnormal sensation, as burning, prickling, formication, etc. *Dorland's Electronic Medical Dictionary, supra.*

7 - OPINION AND ORDER

report of Robin S. Kates, M.D., Tr. 188-190; 118-119; 122; 182.

Finally, the ALJ notes the conclusion of reviewing physician Richard Alley, M.D. Dr. Alley reviewed Grable's record in March 2002, and concluded she was capable of sedentary work with some postural limitations. Tr. 15; 151. Dr. Alley's review occurred prior to Grable's treatment by Dr. Fechtel and prior to the x-ray evidence of cervical spondylosis. Tr. 182.

If a treating physician's medical opinion is supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. *Holohan v. Massanari,* 246 F3d 1195, 1202 (9th Cir 2001); 20 CFR § 404.1527(d)(2). An ALJ may reject the uncontradicted medical opinion of a treating physician only for "clear and convincing" reasons supported by substantial evidence in the record. *Id.* at 1202, citing *Reddick v. Chater,* 157 F3d 715, 725 (9th Cir 1998). If the treating physician's medical opinion is inconsistent with other substantial evidence in the record, treating source medical opinions are still entitled to deference and must be weighted using all the factors provided in 20 CFR 404.1527. *Id.* citing SSR 96-2p. An ALJ may rely on the medical opinion of a non-treating doctor instead of the contrary opinion of a treating doctor only if she provides "specific and legitimate" reasons supported by substantial evidence in the record. *Id.*

The ALJ's rejection of Dr. Fechtel's opinions is not supported by specific, legitimate, or clear and convincing reasons.

II. Grable's Credibility

Grable testified that she cannot sit for longer than about an hour. Tr. 227. She is either moving around or lying down most of the time. She lies down for one to two hours each day. Tr. 228. She has daily headaches, and weakness, numbness, burning and stinging on her right

side. Tr. 237-238. The ALJ did not mention Grable's testimony, and made no finding as to her credibility.

Once a claimant produces objective evidence of an underlying impairment the ALJ must provide clear and convincing reasons for rejecting her testimony absent affirmative evidence of malingering. *Moisa v. Barnhart,* 367 F.3d 882, 885 (9th Cir. 2004). There is no evidence that Grable is malingering. Linda Jensen, M.D., reviewed Grable's medical record in September 2001 and concluded that her pain complaints were "consistent with her obvious scoliosis are [sic] credible and reflected in sedentary RFC." Tr. 131. Dr. Fechtel opined that Grable would experience the symptoms she described. Tr. 201.

The ALJ impliedly found Grable not credible by failing to include her assertion that she must recline for one to two hours a day into the Residual Functional Capacity analysis. The ALJ failed to provide any reason for rejecting Grable's testimony regarding her limitations.

III. Remand For Payment of Benefits

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel,* 211 F.3d 1172, 1178 (9th Cir.), *cert. denied,* 531 U.S. 1038 (2000). The court's decision turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision. *Rodriguez v. Bowen,* 876 F.2d 759, 763 (9th Cir. 1989).

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel,* 211 F.3d at 1178.

The court should grant an immediate award of benefits when:

> (l) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.*

The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *See id.* at 1178 n.2.

The court has determined that the ALJ improperly rejected Dr. Fechtel's testimony as to Grable's limitations and failed properly to credit Grable's testimony. The VE testified that an employee who missed more than two days of work per month for medical reasons would be would be unable to sustain employment. Tr. 250. If credited, Dr. Fechtel's testimony, coupled with the testimony of the VE, establishes that Grable cannot work on a regular and sustained full-time basis and, therefore, she is disabled.

The VE also testified that an employee who had to lie down for one to two hours per day during the work day would be unable to maintain employment. If credited, Grable's testimony, coupled with the testimony of the VE, establishes that Grable cannot work on a regular and sustained full-time basis and , therefore, she is disabled. The court, therefore concludes this matter should not be remanded for further proceedings. *See Schneider v. Comm'r,* 223 F.3d 968 (9th Cir. 2000). *See also Reddick v. Chater,* 157 F.3d 715, 729 (9th Cir. 1998) ("We do not remand this case for further proceedings because it is clear from the administrative record that Claimant is entitled to benefits.")

## **CONCLUSION**

For these reasons, the decision of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for the calculation and award of benefits.

IT IS SO ORDERED.

Dated this   19   day of May  2005.


                                                        /s/ Ann Aiken
                                                        Ann Aiken
                                                        United States District Judge